FRANK C. STEARNS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2297.    Promulgated December 30, 1926.

Where neither the cost nor the March 1, 1913, value of real estate acquired prior to March 1, 1913, and sold in 1918 is established, the loss sustained upon the sale under the Revenue Act of 1918 can not be determined.

*F. L. Eaton, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

This proceeding results from the determination by respondent of a deficiency in income tax for the year 1918 in the amount of $1,443.69.

The petitioner avers that the Commissioner erred in not allowing a loss of $8,118.25 sustained in the year 1918, resulting from sale of partnership property acquired prior to March 1, 1913, and sold in 1918.

### FINDINGS OF FACT.

The petitioner is an individual residing at Hot Springs National Park, Ark. About the year 1893, the petitioner, with one Whittington, formed a partnership under the firm name of Whittington, Stearns & Co., in which the petitioner held a two-thirds interest. The partnership was engaged in the retail hardware business. Whittington died in 1913 and the business was continued with his heirs under the same name. The partnership had acquired, prior to 1913, various real estate holdings by purchase or by taking them in settlement of accounts due. After Whittington's death, his heirs desired to know how they stood with respect to their interest in the partnership. Accordingly, in November, 1913, the petitioner and a former bookkeeper, who was related to and represented the heirs, made a survey of the condition of the business and agreed as to the value of real estate holdings of the partnership. These properties were designated and were valued by them as follows:

| | |
|---|---:|
| Grand Avenue property | $250.00 |
| Cain Avenue property | 3,000.00 |
| Crown Street or Sloan property | 2,800.00 |
| Railroad or Lott lands | 7,600.00 |
| Jesseville property | 1,500.00 |
| Total | 15,150.00 |

These assets were owned by the partners in the same ratio as their interest in the partnership. The Crown Street or Sloan property was acquired in 1891 for $2,800, of which $1,787.51 represented an account due the partnership, the remainder being paid in cash. Prior to the date of the valuation, petitioner had granted an option to purchase the land, for $3,500 or $4,000, to parties planning to build a hotel on adjoining Government property. The option was not exercised due to the Government's refusal to allow the proposed building project. The Cain Avenue property was also acquired in 1891, by a deed which recited a consideration of $3,000. The Lott lands were acquired in 1902 at a foreclosure sale.

In addition to the above listed properties, the partners each held a 50 per cent interest in properties which were termed outside investments. These properties were also included in the above mentioned survey of November, 1913, made by petitioner and the representative of the heirs. They were designated and valued by them as follows:

| | |
|---|---:|
| Belden or Plateau Hotel property | $30,000.00 |
| Pleasant Street or Murray property | 4,000.00 |

The building on the hotel property had been erected about 1909 on a vacant lot theretofore acquired by the partners. Some time in 1913, the petitioner was approached by one of the heirs, who stated that a certain party wished to purchase the property. Petitioner stated it was held for investment and that he would not consider less than $35,000 for it. The Pleasant Street property was acquired in 1897 under a judicial sale. The court order states that the bid made was $3,000.

The petitioner calculated his two-thirds interest in the five properties first mentioned above at $15,150, which was the total value the parties determined between themselves as the 1913 value, or, as the petitioner computes it, $10,066.67. His one-half interest in the two properties having a value, as determined by him, of $34,000 in 1913 was, upon the basis of that valuation, $17,000. The total of his interest in all the properties based upon the agreed valuation was $27,066.67, as computed by him.

Because of differences having arisen between the petitioner and the heirs, a suit for dissolution and accounting was filed by the latter in 1918. While this action was pending a settlement agreement was entered into between the parties by the terms of which the petitioner agreed to purchase the heirs' one-third interest in the retail business as determined by the inventory ordered by the court. The petitioner's interest in the above mentioned real estate was deeded over in part payment for the one-third interest purchased. The computation by which the claimed loss is arrived at is as follows:

| | | |
|---|---:|---:|
| Cost of merchandise, fixtures, accounts and notes receivable, as per court inventory | | $224,133.93 |
| Of which one-third interest of heirs was | | 74,711.31 |
| One-third interest of heirs in store building | | 25,000.00 |
| | | 99,711.31 |
| One-third of accounts payable assumed | $7,443.31 | |
| By cash and credits | 73,319.58 | 80,762.89 |
| Leaving amount which must have represented the credit for real estate transferred to them | | 18,948.42 |
| My interest as set forth above | | 27,066.67 |
| Loss sustained on sale | | 8,118.25 |

The amount of $8,118.25 thus determined to be a loss was claimed as a deduction, and the disallowance thereof is the basis for the deficiency in question.

OPINION.

MILLIKEN: Section 202 of the Revenue Act of 1918, so far as pertinent, provides as follows:

Sec. 202. (a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date * * *.

Under this section, the proper basis for determining loss upon the sale of property acquired before March 1, 1913, is the cost or fair market price or value on March 1, 1913, whichever is lower. Accordingly, before we can determine whether a loss has been sustained in the event of a sale, it is necessary for us to know both the cost and the March 1, 1913, value of the property sold. *Appeal of Anniston City Land Co.*, 2 B. T. A. 526. The petitioner has shown the cost of only a portion of the properties involved. The only evidence submitted as to March 1, 1913, value of the properties was the amount at which they were valued by agreement between the parties in November of 1913. We are unadvised as to the elements or basis entering into that valuation. Apparently, the parties merely got together at that time and agreed that the partnership assets and the various real estate holdings had a certain value. Value to the parties in interest may have been entirely different from a value determined by persons dealing at arm's length, and there is no evidence that the value determined upon by them in November, 1913, was the fair market price or value on March 1, 1913. As we have neither cost nor March 1, 1913, value, we are unable to determine that the Commissioner committed the error alleged, and we can only affirm his action in disallowing the deduction.

> *Judgment will be entered for the Commissioner.*